IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


DWAYNE JAY NORTON,
     Plaintiff,

vs.                                                      Case No. 5:07cv174/RS/EMT

JAMES MALLION, et al.,
     Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

     Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C.

§ 1983 action by filing a complaint in July of 2007 (Doc. 5).  Plaintiff has also filed a motion to

proceed in forma pauperis (Doc. 2) and a "Motion for Granting Leave of Court to File 42 USC

1983" (Doc. 1).

     Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

     In Plaintiff's motion for leave to file the instant action, Plaintiff admits that he has, on more

than three prior occasions, brought an action that was dismissed as frivolous, malicious, or for

failure to state a claim (*see* Doc. 1).  Indeed, the court takes judicial notice of three cases previously

filed by Plaintiff in this district, Case No. 4:06cv173/WS/AK, Case No. 4:06cv40/RH/WCS, and

Case No. 5:05cv176/SPM/MD, which were dismissed by the court pursuant to 28 U.S.C. § 1915(g)

on the ground that Plaintiff qualified as a "three striker" and failed to pay the filing fee upon filing

the complaint.  Additionally, Plaintiff previously filed the following cases in the Middle District, while he was incarcerated, which were dismissed as frivolous or for failure to state a claim:  Case No. 8:00cv1454 (failure to state a claim), Case No. 8:00cv1819 (failure to state a claim) and Case No. 8:05cv2176 (frivolous).[1]

At the time Plaintiff brought the instant action, he was aware that he had three strikes and could not proceed in forma pauperis.  Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury (Plaintiff alleges he was subjected to excessive force nearly seven years ago while incarcerated at another institution (*see* Doc. 5 at 7)).  *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute.").  Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed.  Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1.      That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

---

[1]The inmate number of Plaintiff in the instant case, as indicated on his inmate bank account statement submitted in support of his motion to proceed in forma pauperis, is #494397 (*see* Doc. 2 at 5 (account statement)).  This is the same inmate number as the plaintiff in Case No. 8:00cv1454, Case No. 8:00cv1819, and Case No. 8:05cv2176, and the same inmate number as the plaintiff in the aforementioned cases filed in this district.

2.      That Plaintiff's "Motion for Granting Leave of Court to File 42 USC 1983" (Doc. 1) be **DENIED**.

At Pensacola, Florida, this <u>20th</u> day of July 2007.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**